UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEVEN SANTIAGO, | Case No. 1:19-cv-00566-SKO (PC) |
|---|---|
| Plaintiff, | **ORDER REQUIRING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT *OR* NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIM FOUND COGNIZABLE** |
| v. | |
| J. CALDWELL, et al., | |
| Defendants. | (Doc. 1) |
| | 21-DAY DEADLINE |

Plaintiff Steven Santiago alleges that the defendants violated the Cruel and Unusual Punishment Clause of the Eighth Amendment. (Doc. 1 at 5, 7.) In Claim I, Plaintiff alleges that Defendants Caldwell, Hurlbut, Medina, Perez, and Taylor subjected him to excessive force. (*Id.* at 5.) In Claim II, Plaintiff alleges that Defendants Hurlbut and Martinez failed to stop the excessive force, and that Defendant Tamayo failed to document all of Plaintiff's injuries.[1] (*Id.* at 7.) Plaintiff has failed to exhaust his administrative remedies with respect to Claim II. (*See id.*) Thus, the Court **ORDERS** Plaintiff to either file a first amended complaint curing the deficiencies in his pleading OR, in the alternative, notify the Court that he wishes to proceed only on Claim I regarding excessive force and to dismiss Claim II and Defendants Martinez and Tamayo.

---

[1] It is unclear whether Plaintiff intends to name Hurlbut as a defendant in both Claim I and Claim II or, alternatively, in only Claim II. (*See* Doc. 1 at 5, 7.) In an abundance of caution, the Court assumes the former.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled,"

*Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under … any other Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211. Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549

3

U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

**IV.    DISCUSSION**

    **A. Plaintiff's Claims for Relief**

        1. <u>Excessive Force under the Eighth Amendment</u>

"[T]he unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 328 (1986) (internal quotation marks and citation omitted). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other words, "whenever prison officials stand accused of using excessive physical force …, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). In making this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the absence of serious injury is not determinative. *Id.*

In his complaint, Plaintiff alleges that Correctional Lieutenant P. Hurlbut ordered Correctional Officer J. Caldwell to remove him from Hurlbut's office. (Doc. 1 at 5.) Plaintiff states that Caldwell then slammed Plaintiff's head into a door window, and that Correctional

Officer B. Taylor then threw him to the ground, handcuffed him, and punched him. (*Id.*) Plaintiff alleges that Correctional Sergeant A.R. Perez, Correctional Sergeant M.R. Medina, Officer Caldwell, and other officers then kicked and punched him, and that Perez repeatedly struck him with a baton while he "was handcuffed and in a hogtied position face down," causing him to go unconscious. (*Id.*) Plaintiff states that he suffered abrasions and bruises to his head and neck, a burn to his lower abdomen, seizures, and respiratory failure, and that he fell into a coma. (*Id.*)

Although Plaintiff provides no details regarding the context or the reason for the defendants' use of force, the Court finds that Plaintiff states a cognizable excessive force claim under the Eighth Amendment. Plaintiff alleges that Defendants punched, kicked, and struck him with a baton while he was handcuffed and hogtied. (*Id.* at 5.) If true, regardless of the need for force, the amount of force appears unnecessary, and Plaintiff suffered serious injuries as a result. Claim I of Plaintiff's complaint is thus cognizable.

In Claim II, Plaintiff alleges that Hurlbut and Correctional Officer M.J. Martinez failed to stop the other defendants from using excessive force. (*Id.* at 7.) Plaintiff also alleges that Psychiatric Technician M. Tamayo failed to document all his injuries. (*Id.*) The Court need not address whether these allegations, if true, state a cognizable claim, since the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to this claim. In his complaint, Plaintiff admits that he did not submit a request for administrative relief because he "was focusing on the issue of excessive force … and failed to address Claim 2." (*Id.*) Exhaustion of administrative remedies is mandatory, and Plaintiff's admission that he did not even attempt to exhaust makes clear on the face of his complaint that Claim II is barred. *See Jones*, 549 U.S. at 211

2. Retaliation

A claim for retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, a plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took

adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future [protected] activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Although Plaintiff checks the box for "Retaliation" on his complaint, (Doc. 1 at 7), Plaintiff does not state a cognizable retaliation claim. Plaintiff does not allege that he engaged in protected activity, let alone that Defendants took adverse action against him because of that activity. *See Watison*, 668 F.3d at 1114.

## V. CONCLUSION AND ORDER

For the reasons provided above, **within 21 days**, Plaintiff may file a first amended complaint OR, in the alternative, notify the Court that he wishes to proceed only on Claim I and to dismiss Claim II and Defendants Martinez and Tamayo. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal of this case. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 21 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with the opportunity to amend his complaint to cure the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint.

Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,

6

3. **Within 21 days** from the date of service of this order, Plaintiff must file **one of the following three items**:
   a. a first amended complaint curing the deficiencies identified in this order, OR
   b. a notice that he does not wish to file a first amended complaint and instead wishes to (1) proceed only on Claim I under the Eighth Amendment, (2) dismiss Claim II, and (3) dismiss M.J. Martinez and M. Tamayo as defendants, OR
   c. a notice of voluntary dismissal of this entire case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims and defendants be dismissed with prejudice.**

IT IS SO ORDERED.

Dated: **December 10, 2019**     /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE