# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SANTIAGO,<br><br>             Plaintiff,<br><br>     v.<br><br>J. CALDWELL, et al.,<br><br>             Defendants. | Case No.: 1:19-cv-00566-SKO (PC)<br><br>**SECOND SCREENING ORDER**<br><br>(Doc. 11)<br><br>21-DAY DEADLINE |

On December 11, 2019, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it states a cognizable excessive force claim under the Eighth Amendment against Defendants Caldwell, Hurlbut, Medina, Perez, and Taylor. (Doc. 9 at 4-5.) The Court found that Plaintiff failed to state a cognizable retaliation claim and did not exhaust administrative remedies with respect to Defendants Martinez and Tamayo. (*Id.* at 5-6.) The Court ordered Plaintiff to file a first amended complaint curing the deficiencies identified in the Court's screening order or, alternatively, a notice to proceed only on the claims found cognizable. (*Id.* at 7.)

On December 16, 2019, and January 1, 2020, Attorneys Kenneth Chike Odiwe and John L. Burris made appearances on behalf of Plaintiff, then filed a first amended complaint on his behalf. (Docs. 10, 11.) In the amended complaint, Plaintiff raises excessive force claims against all defendants, (Doc. 11 at 5-6), but omits the retaliation claim from Plaintiff's original complaint.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The requirement applies regardless of whether the prisoner is represented by counsel. *See id.* The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Furthermore, the "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal

rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III. DISCUSSION

As in his original complaint, the Court finds that Plaintiff states a cognizable excessive force claim against Defendants Caldwell, Hurlbut, Medina, Perez, and Taylor in his first amended complaint.[1] However, Plaintiff fails to provide a causal connection between the alleged violation and Defendants Martinez and Tamayo. In his factual allegations, Plaintiff does not once mention Correctional Officer Martinez or Psychiatric Technician Tamayo, (*see* Doc. 11 at 4-5), let alone show that their actions are in any way related to the constitutional deprivation of which Plaintiff complains.

If he chooses to file a second amended complaint, Plaintiff must allege facts that show that each defendant subjected Plaintiff to the alleged Eighth Amendment violation. *See Johnson*, 588 at 743. If no such facts exist with respect to any defendant, then Plaintiff should dismiss that defendant. Although detailed factual allegations are not required, Plaintiff must provide each defendant with fair notice of the claims against him or her and the grounds on which they rest. *See Swierkiewicz*, 534 U.S. at 512.

The Court also notes that plaintiffs may not seek damages under section 1983 against state actors in their official capacities. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997). However, plaintiffs may seek injunctive relief against state actors in official-capacity suits. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

---

[1] The Court provided the legal standards for excessive force claims under the Eighth Amendment in its first screening order, (Doc. 9 at 4-5), and declines to do so again here.

In his first amended complaint, Plaintiff sues the defendants in both their official and personal capacities, (Doc. 11 at 1-4), and requests both damages and "other … relief as the Court deems … proper," (*id.* 6-7). Because the catchall phrase "other relief" may include injunctive relief, the Court will not require Plaintiff to omit naming the defendants in their official capacities. However, if Plaintiff will be seeking solely damages in this action, he should sue the defendants only in their personal capacities. *See Arizonans for Official English*, 520 U.S. at 69 n.24.

Accordingly, the Court ORDERS:

1. Plaintiff is granted leave to file a second amended complaint; and,
2. Within 21 days from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified in this order.

IT IS SO ORDERED.

Dated: **January 16, 2020**　　　　　　　　　/s/ *Sheila K. Oberto*　　　　
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE