1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   STEVEN SANTIAGO,                          Case No. 1:19-cv-00566-NONE-SKO (PC)

12              Plaintiff,                      **FINDINGS AND RECOMMENDATIONS
                                                TO GRANT DEFENDANTS' MOTION FOR
13        v.                                    SUMMARY JUDGMENT FOR FAILURE
                                                TO EXHAUST**
14   J. CALDWELL, et al.,
                                                (Doc. 42)
15              Defendants.
                                                21-DAY DEADLINE
16

17        Defendants move for summary judgment on the grounds that Plaintiff failed to exhaust

18   administrative remedies prior to filing suit. (Doc. 42.) For the reasons set forth below, the Court

19   recommends that Defendants' motion be granted.

20   **I.   SUMMARY OF FACTS[1]**

21        At all times relevant to this case, Plaintiff Steven Santiago was incarcerated at California

22   State Prison, Corcoran. Pl.'s Sec. Am. Compl. (Doc. 14). Plaintiff alleges the defendant-

23   correctional officers subjected him to excessive force on August 2, 2018. *Id.* 3. On that same date,

24   Plaintiff was transported to Mercy Hospital in Bakersfield, California, where he remained until

25   August 8, 2018. Joint Statement of Undisputed Facts ("J. SUF") ¶¶ 3-7 (Doc. 42-4 at 2). After he

26

27   _____

     [1] Despite receiving notice of the requirements for opposing a motion for summary judgment, (Doc. 42-1), Plaintiff
     fails to admit or deny the facts in Defendants' Separate Statement of Undisputed Facts (Doc. 42-3) and to support any
28   denials with citations to evidence, as required by Local Rule 260(b). More generally, Plaintiff fails to provide any
     evidence in support of his opposition to Defendants' motion for summary judgment, as required by Federal Rule of
     Civil Procedure 56(c). Therefore, the Court accepts Defendants' proffered facts as true. Fed. R. Civ. P. 56(e).

was discharged from the hospital, Plaintiff was transported to Corcoran Correctional Treatment Center, where he remained until August 15, 2018. *Id.* ¶¶ 8-9. Plaintiff was readmitted to Mercy Hospital on August 17, 2018, where he remained until August 23, 2018. *Id.* ¶ 10. Plaintiff was then readmitted to Corcoran Correctional Treatment Center. *Id.* ¶ 11. He was discharged from the treatment center on August 28, 2018. *Id.*

On October 23, 2018, Plaintiff filed an administrative grievance regarding the alleged incident of excessive force on August 2, 2018. *Id.* ¶ 16. Prison officials cancelled the grievance at the second level of review because it was untimely. *Id.* ¶ 17. Plaintiff did not appeal the cancellation decision. *See id.* ¶¶ 19-20. Plaintiff failed to exhaust his administrative remedies with respect to this grievance. Defs.' Separate Statement of Undisputed Facts ("Defs.' Sep. SUF") ¶ 2 (Doc. 42-3 at 2).

Plaintiff initiated this action on April 26, 2019. Pl.'s Compl. (Doc. 1). This case proceeds on Plaintiff's second amended complaint for claims of excessive force in violation of the Eighth Amendment. Third Screening Order 1 (Doc. 17 at 1).

## II.   LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A),(B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*,

477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied." *Id.* at 323.

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff failed to exhaust that remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff,

1   who must show that there is something particular in his case that made the existing and generally

2   available administrative remedies effectively unavailable to him. . .” *Id.* If the plaintiff fails to

3   meet this burden, the court must dismiss the unexhausted claims or action without prejudice. *See*

4   *Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005).

5       **C.  CDCR Grievance Process**

6       The California Department of Corrections and Rehabilitation (“CDCR”) has an

7   administrative grievance system for prisoners to appeal a policy, decision, action, condition, or

8   omission by the department or staff if it has an adverse effect on prisoner health, safety, or

9   welfare. Cal. Code Regs. tit. 15, §§ 3084.1(a) (2018), 3999.226(a). Compliance with 42 U.S.C. §

10  1997e(a) requires California-state prisoners to utilize CDCR’s grievance process to exhaust their

11  claims prior to filing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see*

12  *also Woodford*, 548 U.S. at 85-86. Administrative appeals are generally subject to two to three

13  levels of review before the remedy is deemed exhausted. Cal. Code Regs. tit. 15, §§ 3084.1(b)

14  (2018), 3084.7(d)(3) (2018), 3999.226(g), 3999.230(h); s*ee also Sapp*, 623 F.3d at 818.

15  **III.   DISCUSSION**

16      The Prison Litigation Reform Act requires “proper exhaustion,” which means that “the

17  prisoner must complete the administrative review process in accordance with the applicable

18  procedural rules . . . as a precondition to bringing suit in federal court.” *Woodford*, 548 U.S. at 88,

19  93. The rules that must be followed, in other words, “are defined not by the PLRA, but by the

20  prison grievance process itself.” *Jones*, 549 U.S. at 218. “The level of detail necessary in a

21  grievance to comply with the grievance procedures will vary from system to system . . ., but it is

22  the prison’s requirements, and not the PLRA, that define the boundaries of proper exhaustion.”

23  *Id.*

24      In 2018, California regulations required prisoners to pursue non-health-related grievances

25  through three levels of review in order to exhaust administrative remedies. Cal. Code Regs. tit.

26  15, §§ 3084.1(b) (2018), 3084.7(d)(3) (2018). A prisoner was required to submit a grievance

27  within 30 days of the event or decision of which the prisoner complained. *Id.* § 3084.8(b) (2018).

28  Regulations further provided that an “appeal may be cancelled” if “[t]ime limits for submitting

the appeal are exceeded." *Id.* § 3084.6(c)(4) (2018.) A cancellation (as opposed to a denial on the merits) "does not exhaust administrative remedies." *Id.* § 3084.1(b) (2018).

Plaintiff alleges Defendants subjected him to excessive force on August 2, 2018. Pl.'s Sec. Am. Compl. 3. Plaintiff filed a grievance regarding the subject incident on October 23, 2018. J. SUF ¶ 16. Prison officials cancelled the grievance at the second level of review because it was filed more than 30 days after incident. *Id.* ¶ 17; Williams Decl. ¶¶ 9-10 (Doc. 42-5 at 3). Pursuant to California Code of Regulations sections 3084.6(c)(4) (2018) and 3084.8(b) (2018), the cancellation was proper. *See Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010). Pursuant to California Code of Regulations section 3084.1(b) (2018), the cancellation did not exhaust Plaintiff's administrative remedies.

In his opposition, "Plaintiff maintains that the district court has the equitable power to permit him to exhaust his administrative remedies while his federal claim is pending in this Court." Pl.'s Opp. 2 (Doc. 44 at 2). As an initial matter, it is unclear how Plaintiff would be able to exhaust administrative remedies more than three years after the deadline for filing a grievance. Second, the Supreme Court has made clear that the "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S.Ct. 1850, 1856 (2016) (citation omitted). Per the PLRA's plain terms, administrative remedies "must be exhausted *before* a complaint under § 1983 may be entertained." *Booth v. Churner*, 532 U.S. 731, 738 (2001) (emphasis added). Thus, Prisoners may not exhaust during the course of litigation. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Plaintiff also seems to suggest that the PLRA's exhaustion requirement does not apply to his claims of excessive force. *See* Pl.'s Opp. 4. The Supreme Court explicitly rejected this argument in *Porter v. Nussle*, in which it held "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. 516, 532 (2002) (citation omitted).

Plaintiff also contends that "there is no indication that anything in this case could have been addressed through [grievance] procedures." Pl.'s Opp. 4. This provides no grounds for

1    excusing Plaintiff's failure to exhaust. In *Booth v. Churner*, the Supreme Court held that

2    exhaustion is mandatory "irrespective of the forms of relief sought and offered through

3    administrative avenues." 532 U.S. 731, 741 n.6 (2001). That is, "[t]he obligation to exhaust . . .

4    persists as long as *some* remedy remains 'available.'" *Brown v. Valoff*, 422 F.3d 926, 935 (9th

5    Cir. 2005).

6           Lastly, Plaintiff mentions in passing that his "hospitalization and/or coma rendered

7    exhaustion a nullity because he was unable to comply with the prison exhaustion timeline." Pl.'s

8    Opp. 4. Plaintiff provides no details regarding this one-sentence claim, and he provides no

9    evidence that he was in a coma. "There is no medical evidence showing Plaintiff was ever in a

10   coma during the month of August 2018." Defs.' Sep. SUF ¶ 1. More generally, Plaintiff provides

11   no evidence that he was medically incapacitated such that he was unable to submit a grievance by

12   September 1, 2018, or 30 days after the alleged incident of excessive force. As described above,

13   Plaintiff was discharged from Mercy Hospital the second time on August 23, 2018, at which point

14   he returned to Corcoran State Prison J. SUF ¶ 10. However, Plaintiff did not submit a grievance

15   until October 23, 2018—nearly two months later. *Id.* ¶ 16.

16          Furthermore, Plaintiff did not appeal the cancellation of his grievance, though the

17   "cancellation notice . . . informed [him] of his option to appeal . . . and provided guidance on how

18   to do so." *Id.* ¶¶ 18-20. Thus, assuming *arguendo* that the cancellation of his grievance was

19   erroneous, the "improper cancellation . . . did not render administrative remedies effectively

20   unavailable" because Plaintiff could have appealed the cancellation decision. *Cortinas v. Portillo*,

21   754 F. App'x 525, 527 (9th Cir. 2018) (citation omitted). In other words, given that Plaintiff

22   failed to appeal the cancellation decision, he cannot now show that administrative remedies were

23   effectively unavailable due to an improper cancellation or screening. *See Wilson v. Zubiate*, 718

24   F. App'x 479, 482 (9th Cir. 2017).

25          The Supreme Court has explicitly held "that the PLRA exhaustion requirement requires

26   proper exhaustion." *Woodford*, 548 U.S. at 93. To properly exhaust, prisoners must comply with

27   the prison's grievance procedures. *Jones*, 549 U.S. at 218. That is, "the prison's requirements . . .

28   define . . . proper exhaustion." *Id.* As described above, Plaintiff did not comply with the CDCR's

1   deadline for submitting a grievance regarding the alleged incident of excessive force. Therefore,

2   he did not properly exhaust his administrative remedies as required by the PLRA. *Woodford*, 548

3   U.S. at 90 ("[p]roper exhaustion demands compliance with an agency's deadlines").

4   **IV.    CONCLUSION AND RECOMMENDATION**

5        The undisputed evidence shows that Plaintiff failed to exhaust administrative remedies

6   prior to filing suit. Accordingly, the Court RECOMMENDS that Defendants' motion for

7   summary judgment (Doc. 42) be GRANTED.

8        These Findings and Recommendations will be submitted to the United States District

9   Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of

10  service of these Findings and Recommendations, Plaintiff may file written objections with the

11  Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

12  Recommendations." Plaintiff's failure to file objections within the specified time may result in

13  waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

14  *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

15

16  IT IS SO ORDERED.

17  Dated:  __October 13, 2021__            __/s/ Sheila K. Oberto__

18                                UNITED STATES MAGISTRATE JUDGE